UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS HARRIS, | No. 2:16-cv-0016-EFB P |
| Petitioner, | |
| v. | ORDER |
| ERIC ARNOLD[1], | |
| Respondent. | |

Petitioner is a state prisoner proceeding without counsel in an action brought under 28 U.S.C. § 2254. The case was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to the consent of the parties. E.D. Cal. Local Rules, Appx. A, at (k)(4); ECF Nos. 7, 8. Currently before the court are respondent's motion to dismiss the case as partially unexhausted (ECF No. 9) and petitioner's motion to stay the case (ECF No. 15). For the reasons that follow, the petition is dismissed without prejudice to allow petitioner the opportunity to file an amended petition containing only his exhausted claims.

////

////

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, and Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, Eric Arnold, the Warden of California State Prison, Solano, where petitioner currently is incarcerated, is hereby substituted as the proper respondent in this case.

1

## I. Background

Petitioner is serving a determinate sentence of 23 years and 8 months following a 2011 conviction on three counts of robbery with enhancements. ECF No. 11, Documents Lodged ISO Resp.'s Mot. to Dismiss (hereinafter "Lodg. Docs.") No. 1. The California Court of Appeal affirmed the judgement in 2014, and the California Supreme Court denied petitioner's request for further review. Lodg. Docs. Nos. 2-4. Petitioner has not filed any state habeas petitions.

## II. The Motion to Dismiss and the Motion to Stay

Respondent argues that the petition should be dismissed because one of the claims raised in it – that his trial counsel rendered ineffective assistance by failing to preserve "the hearsay objection to confrontation clause to fair trial" – has not been exhausted. ECF No. 9. Petitioner responds that he believes that issue *was* raised in his petition for review to the California Supreme Court and asks that the court stay this case to allow him to communicate with the attorney who filed the petition for review to confirm that belief. ECF Nos. 12, 15.

### A. The Exhaustion Requirement

A district court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1). A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement. 28 U.S.C. § 2254(b)(3).

Exhaustion of state remedies requires that petitioners fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted). "[A] state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d 904 (9th Cir. 2000). "[T]he petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is self-evident . . . ." *Id.* (citations omitted); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) ("[A] claim for relief in

habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief."); *Duncan*, 513 U.S. at 365-66 (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.").

In addition to identifying the federal basis of his claims in the state court, the petitioner must also fairly present the factual basis of the claim in order to exhaust it. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Robinson v. Schriro*, 595 F.3d 1086, 1101 (9th Cir. 2010). "[T]he petitioner must . . . provide the state court with the operative facts, that is, 'all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies.'" *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)).

Where a federal habeas petitioner has failed to exhaust a claim in the state courts according to these principles, the petitioner may ask the federal court to stay its consideration of her petition while she returns to state court to complete exhaustion. Two procedures may be used in staying a petition – one provided for by *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002) and the other by *Rhines v. Weber*, 544 U.S. 269 (2005). *King v. Ryan*, 564 F.3d 1133, 1138-41 (9th Cir. 2009). Under the *Kelly* procedure, the district court may stay a petition containing only exhausted claims and hold it in abeyance pending exhaustion of additional claims which may then be added to the petition through amendment. *Kelly*, 315 F.3d at 1070-71; *King*, 564 F.3d at 1135. If the federal petition contains both exhausted and unexhausted claims (a so-called "mixed" petition), a petitioner seeking a stay under *Kelly* must first dismiss the unexhausted claims from the petition and seek to add them back in through amendment after exhausting them in state court. *King*, 564 F.3d at 1138-39. The previously unexhausted claims, once exhausted, must be added back into the federal petition within the statute of limitations provided for by 28 U.S.C. § 2244(d)(1), however. *King*, 564 F.3d at 1140-41. Under that statute, a one-year limitation period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or

1  the date on which the factual predicate of a claim could have been discovered through the
2  exercise of due diligence.  28 U.S.C. § 2241(d)(1).  A federal habeas petition does not toll the
3  limitations period under 28 U.S.C. § 2244(d)(2).  *Duncan v. Walker*, 533 U.S. 167, 181-82
4  (2001).

5      Under *Rhines*, a district court may stay a mixed petition in its entirety, without requiring
6  dismissal of the unexhausted claims, while the petitioner attempts to exhaust them in state court.
7  *King*, 564 F.3d at 1139-40.  Unlike the *Kelly* procedure, however, *Rhines* requires that the
8  petitioner show good cause for failing to exhaust the claims in state court prior to filing the
9  federal petition.  *Rhines*, 544 U.S. at 277-78; *King*, 564 F.3d at 1139.  In addition, a stay pursuant
10 to *Rhines* is inappropriate where the unexhausted claims are "plainly meritless" or where the
11 petitioner has engaged in "abusive litigation tactics or intentional delay."  *Id*.

12 **B. Analysis**

13     While petitioner apparently believes that his ineffective assistance claim was raised in his
14 petition for review in the California Supreme Court, respondent has provided a copy of that
15 petition, which includes no such claim.  Lodg. Doc. No. 3.  Accordingly, the petition is "mixed"
16 and must be dismissed unless petitioner has shown good cause under *Rhines* to stay proceedings
17 while he exhausts the ineffective assistance claim.  *King*, 564 F.3d at 1140 (noting that, to obtain
18 a stay without showing good cause under *Kelly*, the petitioner must first file an amended petition
19 that contains only exhausted claims).  Petitioner has not done so.  He seeks a stay to allow him to
20 communicate with his former attorney to confirm that the claim was raised in the California
21 Supreme Court petition, but the petition itself shows that a stay for this purpose would be futile.
22 And, as respondent has argued, petitioner's mistaken impression that his attorney included the
23 claim in the California Supreme Court petition for review does not constitute "good cause" under
24 *Rhines*.  *Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008).

25     Because the petition contains an unexhausted claim and petitioner has not provided good
26 cause for staying the case, the petition must be dismissed.  The dismissal will be without
27 prejudice and with leave to amend, however.  Petitioner may file an amended petition containing
28 /////

4

only his exhausted claims (and may thereafter seek a stay under *Kelly* while he presents the ineffective assistance of counsel claim to the California Supreme Court).

### III. Order

For the above-stated reasons, it is hereby ORDERED that:

1. Respondent's motion to dismiss the petition (ECF No. 9) is granted;
2. Petitioner's motion to stay (ECF No. 15) is denied; and
3. The petition is dismissed without prejudice and with leave to file an amended petition containing only exhausted claims. If petitioner elects to file an amended petition, he shall do so within 30 days of the date of this order.

DATED: August 2, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE